**H&H, INC., SEONG LIM HEO and WILLIAM M. STEFFANY,**
**Plaintiffs,**

**v.**

**SAMOA ENTERPRISES, INC., and HEUNG MAN LIM,**
**Defendants.**

High Court of American Samoa
Trial Division

CA No. 93-03

February 22, 2005

Before KRUSE, Chief Justice; and ATIULAGI, Associate Judge.

Counsel:  For Plaintiffs, Robert K. Maez
For Defendants, Jeffery Waller

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT

On November 4, 2003, Plaintiffs filed an action against Defendants seeking payments allegedly owed Plaintiffs for labor and materials in a series of business transactions.  On December 4, 2003, Defendants filed their answer and counterclaim.  On January 6, 2005, Defendants moved for partial summary judgment against Plaintiff H&H ("Plaintiff").  For the reasons below, we deny Defendants' motion.

A trial court possesses the discretion to *deny* a summary judgment motion.  *YKL Japan Ltd., v. F/V Korbee #1*, 25 A.S.R.2d 121, 124 (Trial

Div. 1994)(emphasis in original). A summary judgment motion may be denied when the trial court desires an inquiry into the facts to clarify the application of the law, or in order to give the parties an opportunity to fully develop the case. *Id.*; *see also Plaza Department Stores v. Duchnak*, 26 A.S.R.2d 82, 84 (Trial Div. 1994). A court will generally exercise its discretion when it can avoid addressing questions of law by making factual determinations. *YKL Japan Ltd.*, 25 A.S.R.2d at 124-25.

At this time, we exercise our discretion against addressing Defendants' partial summary judgment motion. Defendants' motion is based on the argument that because Plaintiff has failed to adhere to proper incorporation procedures, Plaintiff's incorporators and shareholders, if any, should be found individually liable as a matter of law *if* Defendants prevail in their counterclaim.

As Defendants motion indicates, however, a summary judgment motion at this time is somewhat premature. If it is later determined on the facts that Defendants have not proven the allegations asserted in their counterclaim, Plaintiff will not be found liable, and Plaintiff's corporate status will no longer be relevant to the issue of liability. Until a determination on the merits is made with regard to Defendants' counterclaim, then, we will not occupy our time deciding hypothetical matters that are implicated only by the mere likelihood of Plaintiff's liability. Because Defendants' summary judgment motion prematurely presumes Plaintiff's liability, we deny Defendants motion for summary judgment at this time.

It is so ordered.